IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
STEPHANIE ROBLES,               )
                                )
          Plaintiff,            )
                                )
     v.                         )      1:15CV285
                                )
TRANSDEV NORTH AMERICA, INC.,   )
                                )
          Defendant.            )
```

**MEMORANDUM OPINION AND ORDER**

**OSTEEN, JR., District Judge**

Presently before this court is a Partial Motion to Dismiss filed by Defendant Transdev North America, Inc. ("Defendant"), claiming that Plaintiff Stephanie Robles ("Plaintiff") has failed to state a claim upon which relief may be granted in her Second Cause of Action for Negligence. (Doc. 13.) Plaintiff has responded (Doc. 16), and Defendant has filed a reply (Doc. 17). This matter is now ripe for adjudication, and for the reasons stated herein, this court will grant Defendant's Partial Motion to Dismiss.

**I.    BACKGROUND**

Plaintiff was an employee of Defendant acting as a Specialized Community Area Transportation van driver from November 10, 2008, until she was terminated on April 27, 2012. (Complaint ("Compl.") (Doc. 1) ¶¶ 9, 28.) Plaintiff now asserts

violations of the Family and Medical Leave Act, codified as amended at 29 U.S.C. § 2601 et seq. ("FMLA"), along with a common law claim of negligence against Defendant, based on her discharge. (See Compl. ¶¶ 30-39.)

Plaintiff contends that she received a letter from her doctor indicating that she could only perform light duty due to a host of issues, including asthma; injuries that resulted from a car accident on September 25, 2011; the fact that she was pregnant; or a combination of these conditions. (See id. ¶¶ 13-17.) Plaintiff contends that, despite these conditions, she was able to perform the essential functions of her job. (Id. ¶ 18.)

Plaintiff's complaint ultimately charges that Defendant (1) violated the FMLA and (2) breached its duty to Plaintiff when it discharged her for her absence due to her going into early labor and then did not reinstate Plaintiff, even after Defendant received notice that Plaintiff was absent for an FMLA-eligible reason. (See id. ¶¶ 26-28, 35-36, 38.)

Plaintiff also alleges a number of actions taken or omissions made by Defendant leading up to her discharge, including: (1) denying Plaintiff's request for "light duty;" (2) putting Plaintiff on leave for eight weeks, but then requiring that Plaintiff return to work after only two days of leave; (3) not honoring Plaintiff's medical restrictions; and

(4) requiring that Plaintiff work excessive hours and without breaks.  (Id. ¶¶ 19-25.)  Because the FMLA and negligence claims are connected to Plaintiff's discharge, this court notes it is unclear from the face of the Complaint how these factual allegations are connected with Plaintiff's FMLA or negligence claims.  In her FMLA claim, Plaintiff also asserts that the decision to terminate Plaintiff, which allegedly violated the FMLA, was made willfully and in bad faith.  (See id. ¶ 36.)

While Defendant does not seek dismissal of Plaintiff's FMLA allegations, Defendant has made a motion to dismiss Plaintiff's negligence claim.  For the reasons set out below, this court will grant that motion.

**II.   LEGAL STANDARD**

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a party to make a motion to dismiss due to the opposing party's failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).  The burden remains on the party making the claim "to allege facts sufficient to state all the elements of [Plaintiff's] claim," Bass v. E.I. DuPont de Nemours & Co., 324

-3-

F.3d 761, 765 (4th Cir. 2003), and "to raise a reasonable expectation that discovery will reveal evidence" of the misconduct alleged, see Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007).

Granting a motion under Rule 12(b)(6) is proper when the complaint's factual allegations, read as true, fail as a matter of law to state a plausible claim for relief. Iqbal, 556 U.S at 678. In determining if a claim has "facial plausibility," a court is not required to accept "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," id.; unsupported legal allegations, Revene v. Charles County Commissioners, 882 F.2d 870, 873 (4th Cir. 1989); legal conclusions couched as factual allegations, Papasan v. Allain, 478 U.S. 265, 286 (1986); or conclusory factual allegations devoid of any reference to actual events, United Black Firefighters v. Hirst, 604 F.2d 844, 847 (4th Cir. 1979).

### III. **ANALYSIS**

There are two major reasons why this court must dismiss Plaintiff's cause of action based on negligence.

First, Plaintiff's claim of negligence is vague and conclusory. Plaintiff's claim of negligence relies on and is completely comprised of three legal conclusions:
(1) "[Defendant] has an obligation as an employer to act

-4-

lawfully for the protection of others;" (2) "[Defendant] breached that duty by terminating [Plaintiff] unlawfully;" and (3) "[Defendant's] breach is the proximate cause of [Plaintiff's] emotional distress and pecuniary injury." (Compl. (Doc. 1) ¶¶ 37-39.) Because this court is not to accept conclusory legal allegations or bare recitals of the elements of a claim as true, these allegations do not plausibly state a claim for negligence. See Iqbal, 556 U.S. at 678; Revene, 882 F.2d at 873.

Because Plaintiff's negligence claim is based on legal conclusions, this court must look to the facts incorporated into her claim to determine if the claim is plausible.[1] However, when this court looks to the facts underlying Plaintiff's claim of negligence, this court does not find a sufficient basis for Plaintiff's claim of negligence. Plaintiff has failed to specify what law gave rise to Defendant's duty to Plaintiff. Without specifying the basis for Defendant's duty to Plaintiff, Plaintiff has stated an incredibly broad duty, namely that Defendant has a duty "to act lawfully for the protection of others." (See Compl. (Doc. 1) ¶ 37.) This extremely broad duty

---

[1] Early in her Complaint, Plaintiff states that "[e]ach paragraph of this Complaint incorporates all others." (See Compl. (Doc. 1) ¶ 3.)

is vague and does not give Defendant notice of what theory underlies Plaintiff's negligence.[2]

Additionally, while Plaintiff alleges that Defendant committed certain acts or omissions related to her employment, there is no explanation in Plaintiff's pleading as to how Defendant's decision to terminate Plaintiff breached Defendant's duty to Plaintiff or what Plaintiff should have done to avoid being negligent in making the decision to terminate Plaintiff. Without an assertion of how Defendant breached its duty to Plaintiff, and with only an allegation that Defendant "breached that duty by terminating [Plaintiff] unlawfully," (see Compl.

---

[2] In her Response, Plaintiff identifies Defendant's duties under the North Carolina Equal Employment Practices Act, the North Carolina Persons with Disabilities Protection Act, and the Americans with Disabilities Act as a basis for her negligence claim. (See Pl.'s Resp. (Doc. 16) at 6-10.) Plaintiff also identifies in her Response how Plaintiff breached its duty to Plaintiff. (Id. at 10-13.) In identifying how Defendant breached its duty, Plaintiff points to actions apart from her termination. (Id.) Because Plaintiff's complaint contains only an FMLA claim and a conclusory claim of negligence based on her termination (see Compl. (Doc. 1) ¶¶ 30-39), these arguments were clearly not contained in the Complaint and are outside of the scope of what this court can consider in determining if Plaintiff has stated a plausible claim for relief. Yet, even if this court were to consider these duties, Plaintiff would still not have stated a plausible claim for negligence, as Plaintiff is attempting to state a claim for disability discrimination without showing either (1) causation as required for wrongful discharge in violation of North Carolina public policy, as set out in N.C. Gen. Stat. § 143-422.2, or (2) that she has met the requirements of the North Carolina Persons with Disabilities Protections Act, as codified at N.C. Gen. Stat. § 168A-1.

-6-

Case 1:15-cv-00285-WO-JLW   Document 18   Filed 08/18/15   Page 6 of 9

(Doc. 1) ¶ 38), this court cannot find that Plaintiff has stated a plausible claim for negligence. As a result, Plaintiff's negligence claim must be dismissed.[3]

Second, this court finds that dismissing Plaintiff's negligence claim is necessary – and by extension that granting Plaintiff leave to re-plead her negligence claim would be futile – because Plaintiff's claim would fail as a matter of law even if Plaintiff included sufficient factual support for her claim. North Carolina, as an at-will employment state, allows for employers to "terminate a contract at will for no reason, or for an arbitrary or irrational reason." Coman v. Thomas Mfg. Co.,

---

[3] Defendant also contends Plaintiff cannot use a series of intentional acts – acts that form the basis for Plaintiff's claim of willful violations of the Family and Medical Leave Act – to state a plausible claim for negligence. Defendant cites several cases applying North Carolina law in support of this contention. See Locklear v. Person Cnty. Bd. of Educ., No. 1:05CV00255, 2006 WL 1743460, at *17 (M.D.N.C. June 22, 2006); see also Mitchell v. Lydall, Inc., 16 F.3d 410, at *3 (4th Cir. 1994) (unpublished); Barbier v. Durham Cnty. Bd. of Educ., 225 F. Supp. 2d 617, 631 (M.D.N.C. 2002). Mitchell and Barbier, despite the fact that they are not binding on this court and involve claims of negligent infliction of emotional distress, are well-reasoned and are persuasive on these facts because negligent conduct is a necessary component of both a claim of negligence and a claim of negligent infliction of emotional distress. See Sorrells v. M.Y.B. Hospitality Ventures of Asheville, 334 N.C. 669, 672, 435 S.E.2d 320, 322 (1993). Therefore, these cases are instructive in showing that conclusory allegations of negligence, supported by factual allegations of nothing but intentional acts, cannot state a claim for negligent conduct. See Mitchell, 16 F.3d 410, at *3; Locklear, 2006 WL 1743460, at *17.

325 N.C. 172, 175, 381 S.E.2d 445, 447 (1989). Unless an employee can show that she was terminated "for an unlawful reason or purpose that contravenes public policy," the employer's decision to fire the employee is not tortious. Id.

Thus, in order to state a viable tort claim that avoids the at-will doctrine, an employee must assert (1) that there is an established public policy protecting the employee and (2) that there is some causal connection between the public policy violation and the employer's decision to terminate the employee. See Abels v. Renfro Corp., 335 N.C. 209, 215, 436 S.E.2d 822, 825 (1993) (noting that a party must show causation between the protected activity and plaintiff's discharge to prevail in a wrongful discharge case based on the Workers' Compensation Act).

Plaintiff's assertion that Defendant owed Plaintiff a duty to act lawfully, while vague, is true. However, Plaintiff's claim for negligence does not meet the public policy exception to the at-will doctrine because it does not allege that there was a causal connection between a violation of North Carolina public policy by Defendant and Defendant's decision to terminate Plaintiff. Plaintiff's negligence claim merely asserts that Defendant breached its duty to act lawfully, without making any claim as to Defendant's motivation for terminating Plaintiff. Because proof of causation is necessary to qualify for the

-8-

public policy exception and because meeting the public policy exception is necessary to show that the discharge of an at-will employee is tortious, this court finds that it must dismiss Plaintiff's negligence claim and that any attempt to re-plead Plaintiff's claim of negligence would be futile.

**IV. CONCLUSION**

**IT IS THEREFORE ORDERED** that Defendant's Partial Motion to Dismiss (Doc. 13) is **GRANTED** and Plaintiff's Second Cause of Action for Negligence is **DISMISSED WITH PREJUDICE**.

This the 18th day of August, 2015.

_____
United States District Judge