# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

STEPHANIE ROBLES,  )
 )
    Plaintiff,  )
 )
v.  )  1:15CV285
 )
TRANSDEV NORTH AMERICA, INC.,  )
 )
    Defendant.  )

## STIPULATED PROTECTIVE ORDER

The parties to this Stipulated Protective Order have agreed to the terms of this Order. Accordingly, it is ordered:

**1**     **Scope.** All documents produced in the course of discovery, including initial disclosures, all responses to discovery requests, all deposition testimony and exhibits, other materials which may be subject to restrictions on disclosure for good cause and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning confidential information as set forth below. The Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

**2**     **Form and Timing of Designation.** A party may designate documents as confidential and restricted in disclosure under this Order by placing or affixing the word "CONFIDENTIAL" on the document in a manner that will not interfere with the legibility of the document and that will permit complete removal of the CONFIDENTIAL designation. Documents shall be designated CONFIDENTIAL prior to or at the time of

the production or disclosure of the documents, or within five (5) days of production. If a party designates a document as CONFIDENTIAL after its production, the designation shall be effective from the moment it was so designated going forward, subject to this Order.

  3    **Documents Which May be Designated CONFIDENTIAL.** Any party may designate documents as CONFIDENTIAL upon making a good faith determination that the documents contain information protected from disclosure by statute or that should be protected from disclosure as medical or psychiatric information, trade secrets, personnel records, information that is treated as confidential or proprietary by a party, or such other sensitive commercial information that is not publicly available.

  4    **Depositions.** Deposition testimony shall be deemed CONFIDENTIAL only if designated as such. Such designation shall be specific as to the portions of the transcript or any exhibit to be designated as CONFIDENTIAL, unless the exhibit contains documents previously treated as CONFIDENTIAL, in which case the exhibit will be treated in accordance with this Protective Order. At the time of a deposition or within 10 days after receipt of the deposition transcript, a party may designate as CONFIDENTIAL specific pages and lines of the transcript and exhibits which contain CONFIDENTIAL matters under the standards set forth in paragraph 3 above. This designation shall be in writing and served upon all counsel. Transcripts will be treated as CONFIDENTIAL for the above mentioned 10-day period. Thereafter, the portions of the deposition transcripts and exhibits designated as CONFIDENTIAL in compliance with the terms of this paragraph shall be protected as CONFIDENTIAL, pending objection, under the terms of this Order.

5    **Protection of Confidential Material.**

    5.1    **General Protections.** Documents designated CONFIDENTIAL under this Order shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in ¶ 5.2 for any purpose whatsoever other than to prepare for and to conduct discovery and trial in this action, including any appeal thereof.

    5.2    **Limited Third-Party Disclosures.** The parties and counsel for the parties shall not disclose or permit the disclosure of any CONFIDENTIAL documents to any third person or entity except as set forth in subparagraphs 5.2.1–5.2.5 of this section. Subject to these requirements, the following categories of persons may be allowed to review documents that have been designated CONFIDENTIAL:

        5.2.1    **Counsel.** Counsel for the parties and employees and agents of counsel who have responsibility for the preparation and trial of the action;

        5.2.2    **Parties.** Parties and management-level employees of a party to this Order;

        5.2.3    **Court Reporters and Recorders.** Court reporters and recorders engaged for depositions;

-3-

Case 1:15-cv-00285-WO-JLW   Document 26   Filed 11/03/15   Page 3 of 8

- 5.2.4 **Consultants, Investigators and Experts.** Consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of this action or proceeding, but only after such persons have completed the certification contained in Attachment 1, ACKNOWLEDGMENT OF UNDERSTANDING AND AGREEMENT TO BE BOUND; and

- 5.2.5 **Others by Consent.** Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered. All such persons shall execute the certification contained in Attachment 1, ACKNOWLEDGMENT OF UNDERSTANDING AND AGREEMENT TO BE BOUND.

5.3 **Control of Documents.** Counsel for the parties shall take reasonable and appropriate measures to prevent unauthorized disclosure of documents designated as CONFIDENTIAL pursuant to the terms of this Order. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of 1 year after dismissal of the action, the entry of final judgment and/or the conclusion of any appeals arising therefrom.

**5.4** **Copies.** Prior to production (or upon such later designation as set forth in paragraph 2, to another party, all copies, electronic images, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "copies") of documents designated as CONFIDENTIAL under this Order, or any individual portion of such a document, shall be affixed with the designation CONFIDENTIAL if the word does not already appear on the copy. All such copies shall thereafter be entitled to the protection of this Order. The term "copies" shall not include indices, electronic databases or lists of documents provided these indices, electronic databases or lists do not contain substantial portions or images of the text of confidential documents or otherwise disclose the substance of the confidential information contained in those documents.

**5.5** **Inadvertent Production.** Inadvertent Production of any document or information that a party intended to be designated as CONFIDENTIAL shall be governed by paragraph 2, or if such time for designation under paragraph 2 has passed, by either consent of the parties to the designation or by seeking leave of Court to designate the document or information as CONFIDENTIAL.

**6** **Filing of CONFIDENTIAL Documents under Seal.** The Court highly discourages the manual filing of any pleadings or documents under seal. To the extent that a brief, memorandum or pleading references any document marked as CONFIDENTIAL,

then the brief, memorandum or pleading shall refer the Court to the particular exhibit filed under seal without disclosing the contents of any confidential information. In the case of images marked CONFIDENTIAL, the memorandum or pleading may give a brief description of the image that does not reveal any information designated as CONFIDENTIAL under this Protective Order.  <u>Documents filed under seal shall be filed pursuant to Local Rule 5.4.</u>

    **6.1**    Before any document marked as CONFIDENTIAL is filed under seal with the Clerk, the filing party shall first consult with the party that originally designated the document as CONFIDENTIAL to determine whether, with the consent of that party, the document or a redacted version of the document may be filed with the Court not under seal.

    **6.2**    Where agreement is not possible or adequate, and subject to any applicable Local Rules, before a hard copy of a CONFIDENTIAL document is filed with the Clerk, it shall be placed in a sealed envelope marked "CONFIDENTIAL DOCUMENTS", displaying the case name, docket number, the name of the party in whose behalf it is submitted, and name of the attorney who has filed the documents on the front of the envelope.

**7**    **Challenges by a Party to Designation as Confidential.** Any CONFIDENTIAL designation is subject to challenge by any party. Before filing any motions or objections to a confidentiality designation with the Court, the objecting party shall have an obligation to meet and confer in a good faith effort to resolve the objection by

agreement. If agreement is reached confirming or waiving the CONFIDENTIAL designation as to any documents subject to the objection, the designating party shall serve on all parties a notice specifying the documents and the nature of the agreement.

8   **Action by the Court.** Applications to the Court for an order relating to any documents designated CONFIDENTIAL shall be by motion pursuant to the Local Rules and any other procedures set forth in the presiding judge's standing orders or other relevant orders. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make any orders that may be appropriate with respect to the use and disclosure of any documents produced or used in discovery or at trial.

9   **Use of Confidential Documents or Information at Trial.** All trials are open to the public. Absent order of the Court, there will be no restrictions on the use of any document that may be introduced by any party during the trial. If a party intends to present at trial CONFIDENTIAL documents or information derived therefrom, such party shall provide advance notice to the other party at least five (5) days before the commencement of trial by identifying the documents or information at issue as specifically as possible (i.e., by Bates number, page range, deposition transcript lines, etc.) without divulging the actual CONFIDENTIAL documents or information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

10  **Obligations on Conclusion of Litigation.**

    10.1  **Order Remains in Effect.** Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal for a period of (1) year.

10.2 Maintenance of CONFIDENTIAL Documents After Conclusion of Case.

11  Order Subject to Modification. This Order shall be subject to modification by the Court on its own motion or on motion of a party or any other person with standing concerning the subject matter. Motions to modify this Order shall be served and filed pursuant to the Local Rules and the presiding judge's standing orders or other relevant orders.

12  No Prior Judicial Determination. This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any documents or information designated CONFIDENTIAL by counsel or the parties is subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

13  Persons Bound. This Order shall take effect when entered and shall be binding upon all counsel and their law firms, the parties, and persons made subject to this Order by its terms.

SO ORDERED. This, the 3rd day of November, 2015.

Joe L. Webster
United States Magistrate Judge